## CITY OF KIRKWOOD and B. F. ANDRAE, Respondents, v. NIRAM H. ALLEN, Appellant.

**St. Louis Court of Appeals, Submitted April 29, 1909.    Opinion Filed June 22, 1909.**

1. MUNICIPAL CORPORATIONS: Officers: Vacancy: Appointment.    Where a vacancy occurs in a municipal office within six months of the next regular city election, the mayor may appoint an officer to fill the vacancy until such election.

2. ————: ————: Resignation of Officers: Property of the City.    Where a person holding a municipal office tenders his resignation, to take effect at once, he has no right to retain in his possession property of the city over which he had custody by virtue of his office.

Appeal from the St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney,* Judge.

AFFIRMED.

*R. H. Stevens* and *J. R. Nolte* for appellant.

The mayor had no authority under the law to appoint plaintiff, B. F. Andrae, collector of the revenue of the city of Kirkwood, and his action in so doing was utterly void.    Upon receiving the resignation of the defendant, the mayor or the person exercising the duties of the office should have called a special election, the resignation having been tendered more than six months prior to the general municipal election of the city of Kirkwood.    R. S. 1899, secs. 5898, 5920, art. 5, ch. 91; Kirkwood v. Meramec Highland Co., 94 Mo. App. 637; Independence v. Cleveland, 167 Mo. 384.

*E. R. Chappell* for respondents.

The city had the right to recover the electric light and waterworks books in replevin in its capacity as a private corporation.    23 Am. and Eng. Ency. of Law, p. 458; Dillon on Mun. Corp. (4 Ed.), sec. 66; R. S. 1899, sec. 5895; 3 Am. and Eng. Ency. of Law, p. 404; Brewing Assn. v. St. Louis, 140 Mo. 419; Bullmaster v. City, 78 Mo. App. 60; 3 Abbott on Munic. Corp., sec. 888, p. 2090.    The city had the right to maintain replevin for the records of the collector's office.    20 Am. and Eng. Ency. of Law, p. 1131; R. S. 1899, sec. 5894; 14 Ency. of Plead. and Prac. 222; School District v. Lord, 44 Me. 374; Brooklyn v. Sherman, 140 Mass. 1; Inhab. of 1st Parish v. Sterns, 21 Pick. 148; Bly v. U. S., 4 Dill. 464; Johnson v. McIntosh, 8 Wheat. 574; U. S. v. Cook, 19 Wall. 593; Schulenberg v. Hamman, 21 Wall 44; Cotton v. U. S., 11 How. 229.    Allen had no right to the possession of any of the books after Andrae was appointed.    Kelly v. Augustine, 113 Mo. 21; 23 Am. and

Eng. Ency. of Law (2 Ed.), 422; R. S. 1899, sec. 5920; Thompson v. Hilt, 52 Ala. 591; McGee v. State ex rel., 103 Ind. 444; McCrary on Elections (4 Ed.), sec. 306; Commonwealth v. Baxter, 35 Pa. St. 263; People v. Miller, 16 Mich. 56; State v. Sherwood, 15 Minn. 221; People v. Callaghan, 83 Ill. 128; State ex rel. v. Blakemann, 10 Mo. 340.

STATEMENT.—This case was tried and submitted on an agreed statement of facts by which it appears that defendant was duly elected collector of the revenue for the city of Kirkwood, a city of the fourth class, at the general election in April, 1906, for a term of two years, qualified, gave bond, and entered upon the duties of his office and continued to perform the duties of the office until the close of business on the evening of October 18, 1906.     According to the custom of all other city collectors of the city of Kirkwood, defendant kept the books and papers of the office in his drugstore, where he performed the duties of his office.     On the 19th of October, 1906, defendant resigned, handing his resignation to the mayor, as follows: "I herewith tender my resignation as collector of the revenue of the city of Kirkwood, same to take effect at once.     Thereupon the mayor endorsed on it, "Accepted, and appoint to fill vacancy to serve until next election, Mr. B. F. Andrae."     This was signed by the mayor, bore date October 19, 1906, and on the same date was filed with the city clerk of the city and on that same date the mayor submitted the name of the plaintiff, Andrae, to the board of aldermen of the city for confirmation, the appointment was confirmed and approved by the unanimous vote of the board, whereupon Andrae took the oath of office and gave bond, which was approved, according to law and was duly commissioned collector of the revenue of the city.     It is part of the duty of the city collector of Kirkwood to make monthly reports and defendant complied with this provision promptly

on the first of each month during his incumbency down to and including the first of October, 1906, the report being on printed forms and the forms reading: "I herewith report the following collections for the month ending," naming the last day of the previous calendar month. On October 18, 1906, defendant made up his report on the usual blank, instead, however, of leaving it to read "for the month of October," he amended it to make it read, "I herewith report the following collections for my term ending to-day, October 18, 1906," and thereupon drew a check for $242.38, payable to the city treasurer, for the balance shown by the report as due by him to the city. From the close of business October 18, 1906, until October 22, 1906, defendant declined to receive payment of taxes, municipal electric light and municipal water bills and no payments of these were offered or made to him as collector thereafter. After the appointment and qualification of Andrae, the city of Kirkwood and Andrae made demands on defendant for the books, papers, etc., mentioned in the amended petition and in the return of the officer who served the writ of replevin, but defendant refused to surrender any of them, claiming that Andrae was not collector. Whereupon this suit in replevin was brought for possession thereof. They were taken out of the possession of defendant by the sheriff and by him turned over to the plaintiffs. On March 5, 1907, the board of aldermen of the city of Kirkwood passed an ordinance, which was duly approved by the mayor, providing for the election of a city collector for the term of one year, the election to be held April 2, 1907, and at the same time passed another ordinance for the election of four aldermen of the city, the election to be held on the 2nd of April, 1907; and it was agreed in the stipulation that the election was held and at that election one Crutsinger was elected collector for the term of one year, or until the regular election for that office which would occur

in April, 1908, the term of office of collector of the city of Kirkwood being two years; at the same election four aldermen being also elected for a term of two years.

At the close of the testimony the court gave the following instructions; first, that under the pleadings and the agreed statement of facts, plaintiffs were entitled to recover against the defendant and retain possession of the property seized, with costs; second, that defendant as city collector, having received and having in and upon his private premises the records and paraphernalia of his office, for the purpose of his office, and having resigned and after acceptance of his resignation having refused to accept money offered him as collector by taxpayers and customers of the municipal water and light department which it was the collector's duty to receive, and having refused to transact the business of such office or to deliver back to the city or the city's officers or agents the things aforesaid had converted and was unlawfully detaining the same; and third, that for the purposes of filling vacancies the term "general municipal election," in section 5920, Revised Statutes 1899, includes the annual election throughout such cities for aldermen in all the wards thereof, required by section 5910, Revised Statutes 1899.

Judgment was accordingly entered for plaintiffs. The defendant in due time filed his motion for a new trial which being overruled and exception duly saved, he has brought the case here by appeal, assigning as errors that under the agreed statement of facts and the law, the judgment should have been rendered for defendant for the return of the property replevied and that the court had erred in giving the three instructions above referred to.

REYNOLDS, P. J. (after stating the facts).—According to the agreed statement of facts, defendant resigned on the 18th of October, his resignation to take effect "immediately," as he stated. It was forthwith

accepted by the mayor, another man appointed to the vacancy who duly qualified, his bond and appointment being approved by the board of aldermen. Thereafter defendant refused to discharge the duties of his office, but at the same time refused to surrender to his successor or to the city, the property of the city in his hands, pertaining to the office. The excuse that defendant makes for this somewhat extraordinary conduct on his part is that, having been elected for a term of two years in the first instance, no election could be regularly held for the office of collector until the expiration of two years from the date of his election, and that it was the duty of the mayor, instead of appointing some one to the vacancy, to have forthwith called a special election to fill the vacancy which he had created. Suppose that were so, what would become of the collection of the revenue of the city and of its papers in the interim? Defendant's resignation had no saving clause in it; it was peremptory, was to take effect immediately and it was so accepted. According to defendant's own theory, if the mayor had "forthwith" called a special election, there would necessarily have been an interval between the date of issue of the call and the date of holding the election. In the interim the city would have been without an officer to discharge the duties which the agreed statement of facts shows the defendant refused to discharge—that of collecting the revenues as they were tendered to him from day to day by the tax payers of the city, nor would the public archives of the office have been in any lawful custody. Such a condition would be intolerable. A regular election was to be held for one-half the members of the board of aldermen on the 2nd of April, 1907, the board being composed of eight members, four to be elected annually for a term of two years, and that was within six months of the date at which defendant had tendered his resignation. The law and ordinance therefore vested in the mayor authority to appoint a collector pending that election, for

a vacancy occurring within six months thereof, as was the case here. The appointment of the plaintiff Andrae was regularly made, was made in accordance with law and on what we consider a legal proceeding. Having no substantial foundation and no possible justification for retaining the public documents, defendant insisted on putting the city and its authorities to the cost and trouble and inconveniences of this suit.

The judgment of the circuit court is affirmed. All concur.

